IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MINI DONUT FACTORY, INC.**
  an Illinois corporation,
Plaintiff,

                               Case No: 8:18-cv-01610-SDM-JSS

vs.

**MINI DOUGHNUT FACTORY, LLC**
  a Delaware LLC
**Defendant**

### DEFENDANT MINI DOUGHNUT FACTORY, LLC'S
### ANSWER, AFFIRMATIVE DEFENSES, AND
### <u>COUNTERCLAIM TO THE COMPLAINT</u>

Defendant, MINI DOUGHNUT FACTORY, LLC, ("MINI DOUGHNUT FACTORY" or "Defendant"), for their Answer, Affirmative Defenses and Counterclaim, states and alleges as follows:

### STATEMENT OF THE CASE

1. Defendant admits the allegations of Paragraph 1 of the Complaint.

2. Defendant admits that Plaintiff owns and operates retail stores featuring mini donuts under the name MINI DONUT FACTORY. Defendant lacks sufficient information or belief upon which to admit or deny the remaining allegations of Paragraph 2 of the Complaint and, therefore, denies the remaining allegations of Paragraph 2 of the Complaint.

3. Defendant lacks sufficient information or belief upon which to admit or deny the allegations of Paragraph 3 of the Complaint and, therefore, denies the allegations of Paragraph 3 of the Complaint.

4. Defendant admits that Defendant intentionally adopted and uses MINI DOUGHNUT FACTORY for Defendant's retail stores featuring mini doughnuts, but denies the remaining allegations of Paragraph 4 of the Complaint.

5. Defendant admits the allegations of Paragraph 5 of the Complaint.

## JURISDICTION AND PARTIES

6. Defendant admits the allegations of Paragraph 6 of the Complaint.

7. Defendant admits the allegations of Paragraph 7 of the Complaint.

8. Defendant denies the allegations of Paragraph 8 of the Complaint.

9. Defendant admits the allegations of Paragraph 9 of the Complaint.

10. Defendant denies the allegations of Paragraph 10 of the Complaint.

11. Defendant denies the allegations of Paragraph 11 of the Complaint.

12. Defendant denies the allegations of Paragraph 12 of the Complaint.

13. Defendant admits the allegations of Paragraph 13 of the Complaint.

14. Defendant denies the allegations of Paragraph 14 of the Complaint.

15. Defendant denies the allegations of Paragraph 15 of the Complaint.

16. Defendant admits owning and using the Internet website www.minidoughnutfactory.com but denies the remaining allegations of Paragraph 16 of the Complaint.

17. Defendant admits that Plaintiff has pled that the Court has subject matter jurisdiction.  Defendant denies the remaining allegations in Paragraph 17 of the Complaint.

**VENUE**

18. Defendant admits the allegations of Paragraph 18 of the Complaint.

**BACKGROUND**

19. Defendant lacks sufficient information or belief upon which to admit or deny the allegations of Paragraph 19 of the Complaint and, therefore, denies the allegations of Paragraph 19 of the Complaint.

20. Defendant admits the allegations of Paragraph 20 of the Complaint.

21. Defendant lacks sufficient information or belief upon which to admit or deny the allegations of Paragraph 21 of the Complaint and, therefore, denies the allegations of Paragraph 21 of the Complaint.

22. Defendant admits the allegations of Paragraph 22 of the Complaint.

23. Defendant admits the allegations of Paragraph 23 of the Complaint.

24. Defendant lacks sufficient information or belief upon which to admit or deny the allegations of Paragraph 24 of the Complaint and, therefore, denies the allegations of Paragraph 24 of the Complaint.

**MINI DONUT FACTORY is A Federally-registered Trademark**

25. Defendant admits the Plaintiff claims ownership in U.S. Registration No. 5,354,524 but denies the remaining allegations of Paragraph 25 of the Complaint.

### MINI DONUT FACTORY is Recognized by Third Parties

26. Defendant lacks sufficient information or belief upon which to admit or deny the allegations of Paragraph 26 of the Complaint and, therefore, denies the allegations of Paragraph 26 of the Complaint.

27. Defendant lacks sufficient information or belief upon which to admit or deny the allegations of Paragraph 27 of the Complaint and, therefore, denies the allegations of Paragraph 27 of the Complaint.

### MINI DONUT FACTORY Plans to Expand its Locations

28. Defendant lacks sufficient information or belief upon which to admit or deny the allegations of Paragraph 28 of the Complaint and, therefore, denies the allegations of Paragraph 28 of the Complaint.

29. Defendant lacks sufficient information or belief upon which to admit or deny the allegations of Paragraph 29 of the Complaint and, therefore, denies the allegations of Paragraph 29 of the Complaint.

30. Defendant lacks sufficient information or belief upon which to admit or deny the allegations of Paragraph 30 of the Complaint and, therefore, denies the allegations of Paragraph 30 of the Complaint.

31. Defendant lacks sufficient information or belief upon which to admit or deny the allegations of Paragraph 31 of the Complaint and, therefore, denies the allegations of Paragraph 31 of the Complaint.

32. Defendant lacks sufficient information or belief upon which to admit or deny the allegations of Paragraph 32 of the Complaint and, therefore, denies the allegations of Paragraph 32 of the Complaint.

33. Defendant lacks sufficient information or belief upon which to admit or deny the allegations of Paragraph 33 of the Complaint and, therefore, denies the allegations of Paragraph 33 of the Complaint.

## Defendant's Use of MINI DOUGHNUT FACTORY

34. Defendant admits the allegations of Paragraph 34 of the Complaint.

35. Defendant admits the allegations of Paragraph 35 of the Complaint.

36. Defendant admits that Patrick Ruddell and Zezura Ruddell are members of Defendant but denies the remaining allegations of Paragraph 36 of the Complaint.

37. Defendant denies the allegations of Paragraph 36 of the Complaint.

38. Defendant admits the allegations of Paragraph 38 of the Complaint.

39. Defendant denies the allegations of Paragraph 39 of the Complaint.

40. Defendant denies the allegations of Paragraph 40 of the Complaint.

41. Defendant denies the allegations of Paragraph 41 of the Complaint.

42. Defendant denies the allegations of Paragraph 42 of the Complaint.

43. Defendant denies the allegations of Paragraph 43 of the Complaint.

44. Defendant lacks sufficient information or belief upon which to admit or deny the allegations of Paragraph 44 of the Complaint and, therefore, denies the allegations of Paragraph 44 of the Complaint.

45. Defendant denies the allegations of Paragraph 45 of the Complaint.

46. Defendant denies the allegations of Paragraph 46 of the Complaint.

47. Defendant denies the allegations of Paragraph 47 of the Complaint.

48. Defendant lacks sufficient information or belief upon which to admit or deny the allegations of Paragraph 48 of the Complaint and, therefore, denies the allegations of Paragraph 48 of the Complaint.

49. Defendant lacks sufficient information or belief upon which to admit or deny the allegations of Paragraph 49 of the Complaint and, therefore, denies the allegations of Paragraph 49 of the Complaint.

50. Defendant lacks sufficient information or belief upon which to admit or deny the allegations of Paragraph 50 of the Complaint and, therefore, denies the allegations of Paragraph 50 of the Complaint.

51. Defendant denies the allegations of Paragraph 51 of the Complaint.

52. Defendant denies the allegations of Paragraph 52 of the Complaint.

53. Defendant denies the allegations of Paragraph 53 of the Complaint.

54. Defendant denies the allegations of Paragraph 54 of the Complaint.

55. Defendant admits the allegations of Paragraph 55 of the Complaint.

56. Defendant denies the allegations of Paragraph 56 of the Complaint.

57. Defendant admits that Plaintiff purports to pled claims for: Federal trademark infringement; Unfair Competition under Section 43(a) of the Lanham Act; State trademark infringement and Dilution.

## COUNT I
## Trademark Infringement
## 15 U.S.C. §1125(a)

### MINI DONUT FACTORY Owns a Protectable Mark

58. Defendant admits that Plaintiff claims ownership in Registration No. 5,354,524 but denies the remaining allegations of Paragraph 58 of the Complaint.

59. Defendant admits the allegations of Paragraph 59 of the Complaint.

60. Defendant lacks sufficient information or belief upon which to admit or deny the allegations of Paragraph 60 of the Complaint and, therefore, denies the allegations of Paragraph 60 of the Complaint.

61. Defendant lacks sufficient information or belief upon which to admit or deny the allegations of Paragraph 61 of the Complaint and, therefore, denies the allegations of Paragraph 61 of the Complaint.

62. Defendant lacks sufficient information or belief upon which to admit or deny the allegations of Paragraph 62 of the Complaint and, therefore, denies the allegations of Paragraph 62 of the Complaint.

63. Defendant denies the allegations of Paragraph 63 of the Complaint.

64. Defendant admits the allegations of Paragraph 64 of the Complaint.

65. Defendant admits the allegations of Paragraph 65 of the Complaint.

66. Defendant admits the allegations of Paragraph 66 of the Complaint.

67. Defendant admits the allegations of Paragraph 67 of the Complaint.

68. Defendant denies the allegations of Paragraph 68 of the Complaint.

69. Defendant admits the allegations of Paragraph 69 of the Complaint.

70. Defendant admits Defendant sells mini doughnuts under the mark MINI DOUGHNUT FACTORY, but lacks sufficient information or belief upon which to admit or deny the remaining allegations of Paragraph 70 of the Complaint and, therefore, denies the remaining allegations of Paragraph 70 of the Complaint.

71. Defendant denies the allegations of Paragraph 71 of the Complaint.

72. Defendant lacks sufficient information or belief upon which to admit or deny the allegations of Paragraph 72 of the Complaint and, therefore, denies the allegations of Paragraph 72 of the Complaint.

73. Defendant denies the allegations of Paragraph 73 of the Complaint.

74. Defendant denies the allegations of Paragraph 74 of the Complaint.

**COUNT II**
**Unfair Competition**
**15 U.S.C. §1125(a)(sic)**

**MINI DONUT FACTORY Owns a Protectable Mark**

75. Defendant denies the allegations of Paragraph 75 of the Complaint.

76. Defendant lacks sufficient information or belief upon which to admit or deny the allegations of Paragraph 76 of the Complaint and, therefore, denies the allegations of Paragraph 76 of the Complaint.

77. Defendant admits the allegations of Paragraph 77 of the Complaint.

78. Defendant lacks sufficient information or belief upon which to admit or deny the allegations of Paragraph 78 of the Complaint and, therefore, denies the allegations of Paragraph 78 of the Complaint.

79. Defendant denies the allegations of Paragraph 79 of the Complaint.

80. Defendant denies the allegations of Paragraph 80 of the Complaint.

81. Defendant lacks sufficient information or belief upon which to admit or deny the allegations of Paragraph 81 of the Complaint and, therefore, denies the allegations of Paragraph 81 of the Complaint.

82. Defendant denies the allegations of Paragraph 82 of the Complaint.

83. Defendant denies the allegations of Paragraph 83 of the Complaint.

84. Defendant denies the allegations of Paragraph 84 of the Complaint.

### COUNT III
### Cybersquatting
### 15 U.S.C. §1125(d)

85. Defendant denies the allegations of Paragraph 85 of the Complaint.

86. Defendant denies the allegations of Paragraph 86 of the Complaint.

87. Defendant denies the allegations of Paragraph 87 of the Complaint.

88. Defendant denies the allegations of Paragraph 88 of the Complaint.

89. Defendant denies the allegations of Paragraph 89 of the Complaint.

## COUNT IV
## Dilution
## 15 U.S.C. §1125(c)(1)

### Plaintiff's mark MINI DONUT FACTORY is Famous

90. Defendant denies the allegations of Paragraph 90 of the Complaint.

91. Defendant denies the allegations of Paragraph 91 of the Complaint.

92. Defendant denies the allegations of Paragraph 92 of the Complaint.

93. Defendant lacks sufficient information or belief upon which to admit or deny the allegations of Paragraph 93 of the Complaint and, therefore, denies the allegations of Paragraph 93 of the Complaint of the Complaint.

94. Defendant lacks sufficient information or belief upon which to admit or deny the allegations of Paragraph 94 of the Complaint and, therefore, denies the allegations of Paragraph 94 of the Complaint.

95. Defendant lacks sufficient information or belief upon which to admit or deny the allegations of Paragraph 95 of the Complaint and, therefore, denies the allegations of Paragraph 95 of the Complaint.

96. Defendant denies the allegations of Paragraph 96 of the Complaint.

### Defendant adopted MINI DONUT FACTORY's Mark After MINI DONUT FACTORY Became Famous

97. Defendant denies the allegations of Paragraph 97 of the Complaint.

98. Defendant lacks sufficient information or belief upon which to admit or deny the allegations of Paragraph 98 of the Complaint and, therefore, denies the allegations of Paragraph 98 of the Complaint.

99. Defendant denies the allegations of Paragraph 99 of the Complaint.

100. Defendant denies the allegations of Paragraph 100 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Likelihood of Confusion)

1. There is no likelihood of confusion as to source, origin, sponsorship, authorization, approval, affiliation, or association between or among Defendant's usage of the mark MINI DOUGHNUT FACTORY or domain names www.minidoughnutfactory.com and www.minidonutfactory.com and Plaintiff's usage of the mark MINI DONUT FACTORY.

### SECOND AFFIRMATIVE DEFENSE
### (Fame)

2. Plaintiff's mark is not famous.

### THIRD AFFIRMATIVE DEFENSE
### (Priority)

3. Defendant has priority in certain geographic regions.

Defendant reserves the right to amend this pleading with additional or other defenses determined during discovery regarding Plaintiff's claims.

# **COUNTERCLAIM**

## **CANCELLATION OF REGISTRATION NO. 2,972,323)**

Counter-Plaintiff Mini Doughnut Factory, LLC, a Delaware LLC (hereinafter MDF-DE), believes that MFD-DE will be damaged by Registration No. 5,354,524 and hereby petitions to cancel same.

As grounds therefore alleges that:

1. Counter-Defendant MINI DONUT FACTORY, INC. (hereinafter MDF-IL) is a corporation organized under the laws of the State of Illinois April 22, 2014.

2. MDF-IL obtained registration for MINI DONUT FACTORY alleging interstate use in association with *donuts* (Class 30) and *retail shops featuring baked goods* (Class 35) registered December 12, 2017 based upon Serial No. 87-438,229 filed May 5, 2017.

3. MDF-IL's alleged date of first use in interstate commerce is at least as early as December 16, 2008.

4. MDF-IL's domain name www.minidonutfactories.com was created March 14, 2017. (Exhibit 1: copy of current Domain Name Registry indicating creation date of March 14, 2017.)

5. MDF-IL's website identifies at least three (3) locations: Chicago Ridge Mall, Gurnee Mills Mall and Harlem Irving Plaza (HIP); all within the greater Chicago Area. (Composite Exhibit 2: copies of www.minidoughnutfactories.com from the current "Our Story" section of the website as of Aug. 6, 2018.)

6   MDF-IL's own self-described restricted geographic use of MINI DONUT FACTORY does not support MDF-IL's alleged interstate commerce use of the mark MINI DONUT FACTORY of December 16, 2008 as alleged in the application for registration.

7   On August 28, 2015, MDF-DE's predecessor-in-interest organized the limited liability company Mini Doughnut Factory LLC in Florida.

8   On October 10, 2015, almost eighteen (18) months prior to MDF-IL's obtaining the www.minidonutfactories.com domain name, MDF-DE's predecessor-in-interest registered the domain name www.minidoughnutfactory.com. (Exhibit 3: current Domain Name Registry for www.minidoughnutfactory.com indicating creation date of October 10, 2015.)

9   On November 15, 2015, MDF-DE's predecessor-in-interest opened the first bakery and restaurant using the service mark MINI DOUGHNUT FACTORY in Tampa, Florida.

10   On October 17, 2016, MDF-DE's predecessor-in-interest purchased the domain name www.minidonutfactory.com on a domain name sale site in order to include the alternative spelling for "doughnut" already registered as a domain name. (Exhibit 4: current Domain Name Registry for www.minidonutfactory.com indicating creation date of October 18, 2013.)

11   Upon information and belief, MDF-IL learned of MDF-DE and/or MDF-DE's predecessor-in-interest use of MINI DOUGHNUT FACTORY while attempting to

register the domain name www.minidonutfactory.com belonging to MDF-DE and/or MDF-DE's predecessor-on-interest.

12  Thus, upon information and belief, MDF-IL was aware of MDF-DE and/or MDF-DE's predecessor-in-interest use of MINI DOUGHNUT FACTORY in association with bakery and restaurant services at least as early as March 14, 2017 when MDF-IL obtained www.minidonutfactories.com .

13  Upon information and belief, despite knowledge of MDF-DE and/or MDF-DE's predecessor-in-interest use of MINI DOUGHNUT FACTORY prior to MDF-IL's application, MDF-IL falsely stated in the Declaration Section of Ser. No. 7438229: "to the best of signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion, or to cause mistake, or to deceive. . ."

14  Well prior to the filing date of MDF-IL's application on May 5, 2017, MDF-DE and/or MDF-DE's predecessor-in-interest adopted, prominently, extensively and continuously used and is currently using the common law mark MINI DOUGHNUT FACTORY in connection with MDF-DE's bakery and restaurant business.

15 MDF-DE's predecessor-in-interest began to receive complimentary comments on social media, internet blogs and press releases regarding the services offered under the mark MINI DOUGHNUT FACTORY at least as early as January, 2016.

16 MDF-DE and MDF-DE's predecessor-in-interest have spent substantial sums in advertising and promotion of the services rendered under MDF-DE's common law mark MINI DOUGHNUT FACTORY for bakery and restaurant services through extensive social media, television and print media in the greater Tampa Bay Area.

17 Appearances on local television, charitable activity as a regular part of business, and courteous service have contributed to the development of extensive goodwill with respect to MDF-DE's common law mark MINI DOUGHNUT FACTORY and award of Creative Loafing's *Best of The Bay* for mini doughnuts for years 2016 and 2017.

18 Due to the success of MDF-DE's bakery and restaurant services, MDF-DE has expanded MDF-DE's MINI DOUGHNUT FACTORY bakery and restaurant services to include a second location in St. Petersburg, FL.

19 Through MDF-DE and MDF-DE's predecessor-in-interest methods, expenditures in promotional and advertising activities, and by virtue of the excellence of MDF-DE's services, MDF-DE and MDF-DE's predecessor-in-interest have garnered a valuable reputation for MDF-DE's common law mark MINI DOUGHNUT FACTORY.

20  MDF-IL's mark is so similar to MDF-DE's common law mark that if MDF-IL expanded MDF-IL's services into areas where MDF-DE's mark was first used or into MDF-DE's natural area of geographic expansion, confusion and deception as to the origin of MDF-IL's services, bearing MDF-IL's mark would occur, all to the damage and detriment of MDF-DE.

21  If MDF-IL is permitted to retain the registration sought to be cancelled, a cloud will be placed on MDF-DE's title in and to MDF-DE's service mark MINI DOUGHNUT FACTORY and on MDF-DE's right to enjoy the free and exclusive use thereof in connection with the offering of MDF-DE's services, all to the great injury of MDF-DE.

22  In fact, on December 23 , 2017, counsel for MDF-IL demanded MDF-DE cease and desist use of MINI DOUGHNUT FACTORY.

23  MDF-IL subsequently filed a lawsuit against MDF-DE in the Federal District Court for the Northern District of Illinois (more than 1,000 air miles from Tampa FL) for trademark infringement and unfair competition based upon Reg. No. 5,354,524 despite MDF-DE and MDF-DE's predecessor-in-interest adoption and use of the common law mark MINI DOUGHNUT FACTORY at least eighteen (18) months prior to the filing of the application from which MDF-IL's mark registered.

24  Once the action in the Northern District of Illinois was dismisses for lack of personal jurisdiction, MDF-IL filed a similar action in Tampa, Florida.

25  If MDF-IL is permitted to retain the registration sought to be cancelled, and thereby, the *prima facie* exclusive right to use the mark in commerce for the bakery and restaurant services offered by MDF-DE, confusion in trade is likely to result.

26  If MDF-IL is permitted to maintain the registration sought to be cancelled, the registration may be deemed incontestable in the future thereby obtaining an incontestable right to the exclusive use of MDF-DE's mark MINI DOUGHNUT FACTORY to the detriment of MDF-DE.

27  Finally, upon information and belief, MDF-IL had not used the mark in interstate commerce as required under the Lanham Act at the time of filing of MDF-IL's application Ser. No. 7438229.

**WHEREFORE**, for the foregoing reasons, MDF-DE is now or will be damaged by Registration No. 5,354,524 unless cancelled.

## PRAYER FOR RELIEF

**WHEREFORE**, MDF-DE respectfully requests that this Court enter an order:

(i)  Cancelling MDF-IL's Registration No. 5,354,524;

(ii)  Awarding MDF-DE's costs and reasonable Attorney's Fees incurred in connection with this matter;

(iii)  Granting such other relief this Court deems just and appropriate.

## JURY DEMAND

MDF-DE hereby demands a trial by jury on all matters and issues triable by jury in this action.

Dated:  August 8, 2018

                Respectfully submitted:

                Arthur W. Fisher, III
                Florida Bar No:  133689
                ARTHUR W. FISHER, III PA
                P O Drawer 1219
                Dunnellon, Florida  34430-1219
                (813) 885-2006 (P)
                (813) 888-6275 (F)
                mail@tampaiplaw.com

                *Attorney for Defendant*